IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. NEIDIG, | : | |
| | : | |
| Plaintiff | : | 4:CV-07-0036 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| PETE REDINA, et al. | : | |
| | : | |
| Defendants | : | |

**O R D E R**

March 31, 2008

**BACKGROUND:**

On January 8, 2007, William Neidig ('William"), proceeding pro se, filed the instant civil rights action. Neidig has also filed a motion to proceed in forma pauperis. (Rec. Doc. No. 2.) The case was originally assigned to a different judge in this district.

Named as defendants are Postal Inspector Pete Rendina, Pennsylvania State Police Trooper Lancer Thomas, and Detective Robert John. William has also alleged that there are unknown defendants. In his complaint, William Neidig alleges that these defendants were involved in the seizure of property that he agreed to forfeit as part of a plea agreement in an earlier criminal case that proceeded before the undersigned judge. (Rec. Doc. No. 1, ¶¶ 3-4.)

1

On February 5, 2007, Charles Neidig ("Charles"), William's father, filed a document entitled "Third Party Claim Under F. R. Civ. P. Rule 14(b) and 28 USCS § 959(a)." (Rec. Doc. No. 9.) On February 6, 2007, that motion was denied. Charles appealed and on October 2, 2007, the Third Circuit vacated the February 6, 2007 order and remanded the motion for consideration as a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. This motion currently remains pending.

On April 2, 2007, defendant Thomas filed a motion to dismiss. (Rec. Doc. No. 21.) On November 14, 2007, the court granted the motion, finding that the complaint failed to allege the personal involvement of Thomas. (Rec. Doc. No. 39.) William and Charles appealed this order and on March 13, 2008, the Third Circuit dismissed their appeal.

On June 11, 2007, defendant Rendina filed a motion to dismiss. (Rec. Doc. No. 30.) An opposing brief has been filed and the time for filing a reply brief has since passed. Therefore, this motion is ripe for disposition.

On December 7, 2007, Charles filed a motion for appointment of counsel. (Rec. Doc. No. 41.)

On February 21, 2008, the case was transferred to the undersigned judge because it was determined to be related to the criminal case before the undersigned

judge. (Rec. Doc. No. 47.)

Now, for the following reasons, we will grant defendant Thomas' motion to dismiss. We will also <u>sua sponte</u> dismiss the case as to the remaining defendants pursuant to the screening provision of 28 U.S.C. § 1915(e)(2)(B). Furthermore, we will deny Charles' motion to intervene and motion for appointment of counsel.

**DISCUSSION:**

### I. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. <u>Kost</u>, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000). A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not plead enough facts to state a claim to relief that is

plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. The Previous Criminal Proceedings and the Instant Complaint

On November 11, 2004, William entered into a plea agreement in Middle District of Pennsylvania Criminal Case Number 04-0271 in which he agreed to plead guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. As part of the plea agreement, William agreed to forfeit certain property. (United States v. Neidig, M.D.Pa. Crim. No. 04-0271, Rec. Doc. No. 156, ¶ 17; Rec. Doc. No. 158, at 2-6.) On December 1, 2004, William pled guilty before the undersigned judge. We directed a preliminary order of forfeiture for all of the property that was listed in the plea agreement and directed the government to provide public notice of the forfeiture. On December 19, 2005, after no claims

were filed for the property within the required time period, we entered a final order of forfeiture.

On January 31, 2006, Charles filed a motion in the criminal case for the return of seized real property located at 1347 West Mulberry Street, Coal Township, Pennsylvania. On February 7, 2006, we denied the motion because we concluded that Charles had not shown excusable neglect for his failure to file a timely claim and also found that his claim lacked merit. Charles appealed and on November 7, 2007, the Third Circuit vacated our February 7, 2006 order and remanded the case for further proceedings. This motion currently remains pending and we have obtained counsel for Charles.

In the instant complaint, William alleges that as a result of his arrest pursuant to the indictment in the criminal case, defendants confiscated various personal and real property belonging to him. (Rec. Doc. No. 1, ¶ 1-2.) William claims that the property was not related to drug activity and "was confiscated prior to any trial or valid forfeiture proceeding, depriving [him] of their proceeds in his defense of said charges." (Id. ¶¶ 3-4.) Furthermore, he claims that "[t]hough guilt was not established by jury trial and with pleas gained by threats and intimidation, reasonable doubt of guilt exists as does the claim of right to the property by the government." (Id. ¶ 5.) As relief, he requests that we hold a hearing "to give third

party Plaintiff's [sic] an opportunity to present claims, gather testimony from the known and unknown defendants, and present legal arguments on behalf of the Plaintiff's [sic]." (Id. at 7.)  He also requests that any ongoing forfeiture proceedings be stayed.  (Id.)

### III.  Analysis

Although not entirely clear, it appears that William's complaint attempts to allege a cause of action based on 42 U.S.C. § 1983 as well as Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), as his claims involve the alleged seizure of property by both state and federal officials.  In order to state a claim under § 1983, a plaintiff must allege: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).  Similarly, to state a claim under Bivens, a plaintiff must allege (1) a constitutional deprivation caused by the exercise of some right or privilege created by the federal government, and (2) the party responsible for the deprivation must be fairly considered a federal actor.  See McCauley v. Computer Aid, Inc., 447 F. Supp. 2d 469, 473 (E.D. Pa. 2006) (citations omitted).

This case presents the unique situation of a plaintiff bringing a civil

complaint seeking to recover property that he agreed to forfeit as part of a plea agreement in a criminal case. It is clear that such a claim must fail. In <u>Heck v. Humphrey</u>, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). Furthermore, the Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u> at 487. Furthermore, the Third Circuit has held that an order of criminal forfeiture is part of a criminal defendant's sentence, and that the defendant may not bring a civil action seeking to recover forfeited property unless he or she satisfies <u>Heck</u>. <u>Rashid v. United States</u>, 205 Fed. Appx. 952, 953 (3d Cir. 2006). Thus, because plaintiff is unable to establish the <u>Heck</u> requirement of showing that his conviction has been invalidated, his claim must fail. Therefore, we will grant defendant Rendina's motion to dismiss.

Furthermore, we find the complaint should be dismissed as to the remaining defendants, which include defendant John and the unknown defendants. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court is required to screen complaints that are filed by an individual who is proceeding in forma pauperis. The court must dismiss a complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to this provision, we will sua sponte dismiss the complaint as to the remaining defendants, because it is clear that plaintiff's claims against them fail for the same reasons they fail as to defendant Rendina.

The only remaining consideration is Charles' motion to intervene and his motion for appointment of counsel. Rule 24(a) of the Federal Rules of Civil Procedure grants a third-party a right to intervene if he or she claims an interest relating to the property or transaction that is the subject of the action and disposal of the action may impair or impede his or her ability to protect that interest. In light of our conclusion that William has failed to state a claim, we do not believe that plaintiff's action will impair Charles' ability to protect any interest he may have in the property that is the subject of the complaint. Furthermore, to the extent that Charles wishes to claim an interest in any of the property that was forfeited in

the criminal case, his avenue of relief was to file a claim in the criminal case, which he did with respect to one piece of property. Therefore, we will deny Charles' motions.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendant Rendina's motion to dismiss is GRANTED. (Rec. Doc. No. 30.) The complaint is dismissed as to defendant Rendina.

2. The complaint is dismissed as to the remaining defendants for failure to state a claim upon which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Third-party Charles Neidig's motion to intervene is DENIED. (Rec. Doc. No. 9.)

4. Third-party Charles Neidig's motion for appointment of counsel is DENIED. (Rec. Doc. No. 41.)

6. The clerk is directed to close the case file.

7. Any appeal from this order is not taken in good faith.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge